UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TODD A. K., | ) |
| | ) |
|        *Plaintiff* | ) |
| | ) |
| v. | )   No. 1:20-cv-00007-DBH |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, among other things, the ALJ's physical residual functional capacity (RFC) determination – as it pertains to limitations stemming from his obesity – is unsupported by substantial evidence. *See* Plaintiff's Statement of Errors ("Statement of Errors") (ECF No. 9) at 15-16. I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2020, Finding 1, Record at 12; that he had the severe impairment of dysfunction of joints, Finding 3, *id.*; that he had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that, in an eight-hour workday, he could occasionally push and pull at the light weight limits with his upper extremities bilaterally, occasionally climb ladders, ropes, or scaffolds, frequently crawl, occasionally work overhead with his right upper extremity, and was able to perform simple, routine tasks, Finding 5, *id.* at 16; that, considering his age (45 years old, defined as a younger individual, on his alleged disability onset date, October 17, 2015), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 21; and that he, therefore, had not been disabled from October 17, 2015, his alleged onset date of disability, through the date of the decision, February 4, 2019, Finding 11, *id.* at 22-23. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past

relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work, which is determined at Step 4. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The ALJ found the plaintiff's obesity nonsevere, explaining:

> With respect to his obesity, the [plaintiff] has a BMI of 36.28.[2] In July 2016, his BMI was 34.15. It was reduced to 34.9 in April 2017 and his physician describes him only as overweight. These weights are considered obese, but not morbidly so. No treating physician has offered an opinion about the [plaintiff]'s obesity or indicated any limitations arising from obesity. I have considered the [plaintiff]'s obesity as it might relate to other impairments, but note he has no severe lower extremity impairments. I have limited him to occasional climbing, as it might be affected by his weight. Otherwise, there are no work related limitations related to his weight. His obesity is considered not severe.

Record at 14 (citations omitted).

The plaintiff argues, and the commissioner concedes, that the ALJ erred in stating that no treating physician had offered an opinion about the plaintiff's obesity or indicated that any limitations arose therefrom. *See* Statement of Errors at 15-16; Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 11) at 17. In fact, in a December 27, 2018, RFC opinion, treating physician Julie Phelps, M.D., indicated that obesity was "a significant factor" contributing to the plaintiff's limitations, affecting his ability to walk, lift (when bending was required), and stoop. Record at 669. While the ALJ separately addressed and rejected the Phelps opinion, she made no mention in that context of the portion concerning obesity. *See id*. at 19-20.

---

[2] I have corrected a typographical error by removing a space from the number 36.28. *Compare* Record at 14 *with* Exhibit 18F/8, *id*. at 639 (recording a BMI of 36.28 on January 11, 2018).

As the plaintiff notes, *see* Statement of Errors at 16 n.24, neither Donald Trumbull, M.D., nor Benjamin Weinberg, M.D., the two agency nonexamining consultants whose physical RFC assessments the ALJ adopted, *see* Record at 20-21, had the benefit of review of the Phelps opinion, which postdated their 2017 reviews, *see id*. at 138-42, 153-58. He asserts that neither Dr. Trumbull nor Dr. Weinberg "considered the impact of obesity in the limitations that they included in their RFC[,]" as a result of which the ALJ impermissibly assessed the impairment on her own. Statement of Errors at 16 n.24.

The commissioner rejoins that the ALJ's error in ignoring Dr. Phelps' opinion regarding the impact of the plaintiff's obesity is harmless because the plaintiff fails to identify any objective evidence that obesity limited him or aggravated any other impairment, nor is any such evidence apparent from the record. *See* Opposition at 18 (citing *Williams v. Colvin*, No. 2:13-cv-00125-JAW, 2014 WL 220744, at *3-4 (D. Me. Jan. 21, 2014), for the proposition that an error in an ALJ's obesity analysis was harmless when there was "no medical evidence to support functional limitations caused by obesity greater than those included" in the RFC (internal quotation marks omitted)). He contends that the ALJ's overall reason for discounting the Phelps opinion – inconsistency with the medical evidence of record – therefore applies to the portion of her opinion pertaining to obesity. *See id*. He contends that, in any event, contrary to the plaintiff's assertion, Drs. Trumbull and Weinberg did consider the plaintiff's obesity, as a result of which their opinions support the ALJ's assessment of that impairment. *See id*.

I am unpersuaded. *Williams* is distinguishable in at least two respects: the ALJ did not ignore a treating source's opinion bearing on obesity, and the expert opinion on which the claimant relied attributed her limitations to low back and right lower extremity pain, not to obesity. *See Williams*, 2014 WL 220744, at *3-4. And, while Drs. Trumbull and Weinberg *considered* the

4

plaintiff's obesity, the plaintiff is correct that neither seemingly assessed limitations to account for it. *See* Record at 140-42, 156-58. Indeed, Dr. Trumbull explained that he assessed no such limitations in part because no treating source had stated that obesity "severely impairs co-morbidities, necessitates functional limitations or, of itself, creates a functionally severe impairment." *Id*. at 142.

To complicate matters, the ALJ stated that she had "limited [the plaintiff] to occasional climbing, as it might be affected by his weight." *Id*. at 14. While she adopted a limitation assessed by Drs. Trumbull and Weinberg to occasional climbing of ladders, ropes, or scaffolds, neither of those experts had attributed that limitation to obesity. *Compare* Finding 5, *id*. at 16 *with id*. at 141, 157. In that sense, the ALJ fairly can be said to have made a layperson's assessment that this limitation, and no others, would account for the plaintiff's obesity.

The ALJ's failure to recognize, let alone resolve, this conflict in the expert opinion evidence of record renders her physical RFC determination unsupported by substantial evidence, necessitating remand. *See, e.g.*, *Soto v. Sec'y of Health & Human Servs.*, 795 F.2d 219, 222 (1st Cir. 1986) ("We are ill-equipped to sort out a record that admits of conflicting interpretations. Accordingly, we believe the case must be remanded to the [commissioner] for reconsideration of his decision[.]"); *Picard v. Berryhill*, No. 2:16-cv-00636-JHR, 2018 WL 1370681, at *3 (D. Me. Mar. 16, 2018) ("[W]hen failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway," reversal and remand are warranted.).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of January, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

6